IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JESUS A. MORALES,

       Plaintiff,

v.                                                       No. CV 08-0693 MCA/DJS

THIRD JUDICIAL STEPHEN BRIDGEFORTH,
D.A. JEFF LUHAN,
ATTORNEY JAVIER ACOSTA,

       Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's civil rights complaint filed on July 24, 2008.[1] Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, Plaintiff's claims against the named Defendants will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal

---

[1] Plaintiff subsequently filed a voluminous set of documents (Doc. 2), which were entered on the docket as an amended complaint. The filing consists of a motion for free process and numerous copies of filings in a state court proceeding. The Court declines to construe this filing as an amended complaint.

standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that, during recent transfers of Plaintiff between institutions, corrections personnel have lost or confiscated certain of his personal property, including legal papers. The named Defendants--a state court judge and two attorneys--are parties to a state court action filed by Plaintiff. Plaintiff asserts that the loss of his papers violated unspecified constitutional protections, and he seeks a judicial declaration to that effect.

No relief is available on Plaintiff's allegations against the named Defendants. Defendants are not employees of the corrections system, and "this court has explained that a 'plaintiff cannot maintain a declaratory or injunctive action unless he or she can demonstrate a good chance of being likewise injured [by the defendant] in the future.' " *Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1349 (10th Cir. 1994) (quoting *Facio v. Jones*, 929 F.2d 541, 544 (10th Cir. 1991)) (alteration in *Cox* opinion). The Court will dismiss Plaintiff's claims, with leave to amend. Failure to file an amended complaint specifically identifying the parties responsible for the asserted violations may result in dismissal of this action.

IT IS THEREFORE ORDERED that Plaintiff's claims against the named Defendants are DISMISSED with prejudice; the named Defendants are DISMISSED as parties to this action; and within ten (10) days from entry of this order, Plaintiff may file an amended complaint specifically identifying the parties responsible for the asserted violations.

SO ORDERED this 10th day of December, 2008.

_____
M. CHRISTINA ARMIJO
United States District Judge